```
CLERK'S OFFICE U.S. DIST. COURT
       AT ROANOKE, VA
           FILED
         AUG 0 2 2006
    JOHN F. CORCORAN, CLERK
BY:
          DEPUTY CLERK
```

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| BARBARA C. MILLER, ) | |
| ) | Civil Action No. 5:05CV00073 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | By: Honorable Glen E. Conrad |
| ) | United States District Judge |
| Defendant. ) | |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the requirements for entitlement to benefits under the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 400 (1971).

The plaintiff, Barbara C. Miller, was born on May 9, 1982, and eventually completed her high school education. Mrs. Miller has worked as a school bus monitor, maid, kitchen aid, cashier, stocker, and catering supervisor. She last worked on a regular basis in 2001. On October 9, 2003, Mrs. Miller filed an application for a period of disability and disability insurance benefits. She alleged that she became disabled for all forms of substantial gainful employment on April 1, 2001 due to arthritic problems and defective ligaments. She now maintains that she has remained disabled to the present

time. The record reveals that Mrs. Miller met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See, gen., 42 U.S.C. §§ 414 and 423.

Mrs. Miller's claim was denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated March 22, 2005, the Law Judge also ruled that Mrs. Miller is not disabled. While the Law Judge did not make specific findings of fact as to the nature or diagnoses of plaintiff's physical problems, the Law Judge's summary of the evidence describes arthritic changes in the hands, back, and knees. The Law Judge apparently believed that Mrs. Miller is disabled for her past relevant work roles. However, the Law Judge ruled that plaintiff retains sufficient functional capacity for a limited range of light work activity. The Law Judge went on to assess plaintiff's vocational limitations as follows:

> No period of 12 consecutive months elapsed during which the claimant lacked the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567 that involves lifting or carrying no more than 10 pounds, only occasionally bending at the waist (stooping), occasional bending at the knees (crouching), occasional kneeling, occasional crawling, occasional climbing stairs, no climbing ladders, only occasional gross manipulation, occasional fine manipulation, no forceful or sustained gripping or grasping, no constant repetitive wrist movements, and no vibrating hand tools.

(TR 25). Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge determined that Mrs. Miller retains sufficient functional capacity to perform several specific light and sedentary work roles which exist in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that plaintiff is not disabled and that she is not entitled to a period of disability or disability insurance benefits. See 20 C.F.R. § 404.1520(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mrs. Miller has now appealed to this court.

2

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. There are sharp conflicts in the medical record. Plaintiff's family physician, Dr. John W. Forbes, III, has produced a number of reports and opinions which indicate that plaintiff is disabled for all forms of work due to arthritis in her wrists. Dr. Forbes has also diagnosed arthritis in the lower back, knees, and feet. On the other hand, Dr. Jack F. Otteni, an orthopedic specialist who saw plaintiff on referral from a family physician, produced findings and impressions suggestive of much less severe arthritic impairment. Dr. James Long, a consultant who saw Mrs. Miller at the behest of the state disability agency, also found that plaintiff's wrist function is not overly impaired. Given the reports of Dr. Otteni and Dr. Long, the court believes that there is substantial evidence to support the Law Judge's conclusion that plaintiff's arthritic impairments are not so severe as to prevent all forms of work activity.

Dr. Forbes completed a residual functional capacity evaluation on April 21, 2004. Dr. Forbes' findings are suggestive of total disability for all forms of work activity. For purposes of the substantial evidence review, the court assumes that Dr. Forbes qualifies as a treating physician within the meaning of 20 C.F.R. § 404.1527.

3

Dr. Otteni submitted his report on October 14, 2003. Following a review of plaintiff's medical history and symptoms, Dr. Otteni listed physical findings and x-ray results as follows:

> Physical examination shows a thin, oriented female in no apparent distress. Skin is pale, with some discolorations, but no distinct lesions. Mood and affect are normal. Respirations are normal. Evaluation of the bilateral wrists shows significant tenderness to palpation over the radial carpal joints bilaterally. She does have some grinding in the radial carpal joint on the right. She also has tenderness to palpation at the basilar joint of the bilateral thumbs. Allen test is normal. Range of motion of the fingers is normal. She does have some mild swelling at the wrist joint on the right, but no large effusion today. Sensation is intact to light touch bilaterally.
>
> X-ray Interpretation: Review of radiographs in the computer of the right wrist shows some arthritic changes at the radiolunate joint, and significant ulnar minus at the wrist. Otherwise they are unremarkable. Radiographs done today of the left wrist show no evidence of arthritic changes, and good overall bony alignment. She is slightly ulna minus on this side, but only approximately 2 to 3 mm, whereas on the right, she is probably 5 to 6 mm.
>
> Impression: Bilateral wrist pain with osteoarthritis of the right wrist. I have discussed with her that there are some surgical options, which would include radial shortening for the right wrist, but because she has arthritic changes already, this may not completely relieve her pain. I would be hesitant to perform an arthrodesis, even a limited arthrodesis, at this point, but that may be what we are left with if there are no other options conservatively. She has had cortisone injections, which did work for six months in the past, but she is not anxious to do that again today. She has tried wrist splints in the past, but she says these actually make things worse. She did have blood work done, which showed a rheumatoid factors [sic], and a sedimentation rate of 14. Today I am going to draw an ANA and a CBC, just for completeness' sake. Even though she is seronegative at this point, I think it would be worthwhile having her evaluated by a rheumatologist to make sure there is not something that I am missing with her four major joint complaints.

(TR 162).

Dr. Long submitted his report on January 12, 2004. Dr. Long listed his physical findings as follows:

> Range of motion of joints is felt to be within normal limits except for restriction of wrist flexion and extension as indicated with some accompanying tenderness and slight swelling about the dorsum of both wrists and with some tenderness at the base of the right thumb as well. Her overall grip strength is reduced and she is unable to rapidly touch fingertips to the thumb on both hands suggesting some underlying loss of fine

4

> manipulative debility as well. Nevertheless, she seems capable with some slight difficulty of tying her shoes and putting on her socks with legs crossed.
>
> Otherwise, she is able to successfully perform all requested activities per neurological evaluation supplement as indicated.

(TR 174-75). Dr. Long diagnosed osteoarthritis of both hands and wrists, right greater than left, with probable mild degenerative joint disease of the knees.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner, even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). The court recognizes that findings and opinions from treating physicians are generally entitled to more weight than those of physicians who have not seen the claimant with the same frequency and treatment relationship. See 20 C.F.R. § 404.1527(d). On the other hand, more weight is also given to the findings and opinions of specialists about medical issues within their particular area of expertise. See 20 C.F.R. § 404.1527(d)(5).

The court believes that the Law Judge reasonably accorded greater weight to the evaluation of Dr. Otteni. Dr. Otteni described what were essentially mild arthritic changes. He recommended against surgery and in favor of conservative treatment. Dr. Otteni based his observations in substantial measure on x-ray findings and laboratory testing results. Dr. Otteni's observations and opinions find support in those of Dr. Long. Finally, the court must agree with the Law Judge's general observation that, in finding plaintiff disabled, Dr. Forbes substantially relied on plaintiff's subjective complaints. The court must conclude that the Commissioner's resolution of the factual conflicts in this case is supported by substantial evidence.

In passing, the court also believes that the Administrative Law Judge took plaintiff's subjective symptoms into account in assessing her capacity for alternate work activity. The Law Judge asked the vocational expert to consider a variety of physical restrictions, including inability to use the knees and

5

incapacity of the hands for gross or fine manipulation. (TR 263-64). The vocational expert was also asked to consider plaintiff's inability to engage in constant repetitive wrist movements, sustained gripping or grasping, or use of vibrating tools such as vacuum cleaners, power drills, or jack hammers. (TR 264). In response to these and other hypothetical restrictions, the vocational expert identified several specific work roles in which Mrs. Miller could be expected to perform, including security guard and surveillance monitor. (TR 265-66). The court believes that the Administrative Law Judge properly relied on the vocational expert's testimony in determining that Mrs. Miller retains sufficient functional capacity to perform several specific light and sedentary work roles which exist in significant number in the national economy. See Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989). It follows that the Commissioner's final decision denying entitlement to disability insurance benefits must be affirmed.

In affirming the final decision of the Commissioner, the court does not suggest that Mrs. Miller is free of all pain and subjective complaints. Indeed, the medical record confirms that plaintiff suffers from osteoarthritis in her wrists and knees, and that such problems have plagued her for many years. On the other hand, no doctor has documented the existence of severe objective manifestations of advanced arthritic impairment. An orthopedic specialist produced a report describing no more than moderate, and essentially mild limitations. It must be recognized that the inability to do work without any subjective discomfort does not of itself render a claimant totally disabled. Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996). Once again, it appears to the court that the Administrative Law Judge considered all of the subjective factors reasonably supported by the medical record in adjudicating plaintiff's claim for benefits. Indeed, as previously noted, the court believes that the Law Judge gave Mrs. Miller the benefit of the doubt in questioning the vocational expert. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case is supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 1st day of August, 2006.

/s/ Glen E. Conrad
United States District Judge